# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
(Filed:  February 20, 2020)

```
* * * * * * * * * * * * *
CHERLANDA SHEPPARD,        *        UNPUBLISHED
                           *        No. 17-819V
          Petitioner,      *
                           *
v.                         *        Special Master Dorsey
                           *
                           *        Attorneys' Fees and Costs
                           *
SECRETARY OF HEALTH        *
AND HUMAN SERVICES,        *
                           *
          Respondent.      *
* * * * * * * * * * * * *
```

Gary A. Krochmal, Law Offices of Gary A. Krochmal, PLLC, Farmington Hills, MI, for
petitioner.
Heather L. Pearlman, U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On June 19, 2017, Cherlanda Sheppard ("petitioner") filed a petition for compensation
under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2]
("Vaccine Act"). Petitioner alleged that she developed Guillain-Barré syndrome ("GBS") as a
result of the tetanus-diphtheria-acellular pertussis ("Tdap") vaccine she received on May 23,
2016. On September 26, 2019, the parties filed a Stipulation which the previously assigned
special master adopted as his Decision awarding compensation on the same day.[3]

---

[1] This Decision will be posted on the website of the United States Court of Federal Claims' website, in accordance
with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to
anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object
to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule
18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that
is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical
filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine
Rule 18(b). Otherwise the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine
Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012)
("Vaccine Act" or "the Act").  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.
§§ 300aa.

[3] On October 7, 2019, this case was reassigned to the undersigned for resolution of attorneys' fees and costs.

On October 17, 2019, petitioner filed an application for attorneys' fees and costs.  Motion for Attorney Fees and Costs (ECF No. 44).  Petitioner requests compensation in the amount of $62,743.55, representing $26,243.35 in attorneys' fees and $36,500.20 in costs. Fees App. at 1.[4] Pursuant to General Order No. 9, petitioner warrants that she has not personally incurred costs in pursuit of this litigation. Fees App. at 3. Respondent filed his response on October 31, 2019 indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response, ECF No. 45, at 2. Petitioner did not file a reply thereafter. The matter is now ripe for disposition.

For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards a total of $57,943.55.

## I.      Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  Id. at §15(e)(1).  In this case, because petitioner received compensation, she is entitled to a final award of reasonable attorneys' fees and costs.

### a.   Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the

---

[4] Petitioner's motion originally requested total costs of $34,732.00. Fees App. at 1. On November 21, 2019, petitioner filed an amended bill of costs, representing that the actual amount of costs incurred was $36,500.20. ECF No. 46.

special master may reduce a fee request <u>sua sponte</u>, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See* <u>Sabella v. Sec'y of Health & Human Servs.</u>, 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. <u>Broekelschen v. Sec'y of Health & Human Servs.</u>, 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. <u>Wasson v. Sec'y of Health and Human Servs.</u>, 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." <u>Saxton</u>, 3 F. 3d at 1521.

### i.   Reasonable Hourly Rates

Petitioner requests the following hourly rates for the work of her counsel, Mr. Gary Krochmal: $395.00 per hour for work performed in 2017, $410.00 per hour for work performed in 2018, and $425.00 per hour for work performed in 2019. Fees App. at 2. Petitioner also requests paralegal rates of $135.00 per hour for all work performed from 2017 to 2019. <u>Id.</u> These rates have previously been found to be reasonable, and the undersigned finds them to be reasonable herein. <u>See</u> <u>Miskell v. Sec'y of Health & Human Servs.</u>, No. 18-526V, 2019 WL 5568822, at \*2 (Fed. Cl. Spec. Mstr. Aug. 2, 2019).

### ii.   Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. <u>See</u> <u>Florence v. Sec'y of Health & Human Servs.</u>, No. 15-255V, 2016 WL 6459592, at \*5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing <u>Fox v. Vice</u>, 563 U.S. 826, 838 (2011).

The undersigned has reviewed the submitted billing entries and finds that although the majority of the hours billed are reasonable, a reduction must be made for clerical tasks billed by paralegals. Such tasks, in this case, include mailing documents, scanning and bates stamping records, and processing billing invoices. <u>See</u> <u>McCulloch v. Sec'y of Health & Human Servs.</u>, No. 09-293V, 2015 WL 5634323, at \*26 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The undersigned also finds the amount of time spent by paralegals handling medical literature to be excessive. Fees App. Ex. 2 at 10 (indicating a paralegal expended 18.8 hours reviewing and preparing the medical literature for filing). Although Dr. Akbari made use of a great deal of medical literature, counsel's process of preparing the articles for filing (printing them, photocopying them, and then rescanning them) is excessive and has led to an unreasonable amount of time expended. In order to achieve rough justice for these issues, the undersigned will reduce the final award of attorneys' fees by **$2,000.00**. Petitioner is therefore awarded final fees of **$24,243.35**.

### b.   Attorneys' Costs

Petitioner requests a total of $36,500.20 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, and expert work performed by Dr. Omid Akbari and Dr. Daniel DiCapua. The undersigned has reviewed the requested costs and finds the amounts requested for medical records, copies, postage, and the work of Dr. DiCapua to be reasonable. The work of Dr. Akbari, however, requires further discussion.

The billing records indicate that Dr. Akbari billed 56 hours at a rate of $550.00 per hour, for a total of $30,800.00 to review the medical records, research medical literature, and prepare an expert report. Concerning Dr. Akbari's requested rate, the undersigned finds it to be excessive. Previously, Dr. Akbari has been awarded $500.00 per hour for his vaccine program work. Hernandez v. Sec'y of Health & Human Servs., No. 16-1508V, 2018 WL 4391060, at *2 (Fed. Cl. Spec. Mstr. Aug. 8, 2018); Shinskey v. Sec'y of Health & Human Servs., No. 15-713V, 2019 WL 2064558, at *5 (Fed. Cl. Spec. Mstr. May 9, 2019). The undersigned finds that $500.00 is a reasonable rate for Dr. Akbari's work in the instant case. This results in a reduction of **$2,800.00**. Petitioner is therefore awarded final attorneys' costs of **$33,700.20**.

## II.    Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $26,243.35 |
| (Total Reduction from Billing Hours) | - ($2,000.00) |
| **Total Attorneys' Fees Awarded** | **$24,243.35** |
| | |
| Attorneys' Costs Requested | $36,500.20 |
| (Reduction of Costs) | - ($2,800.00) |
| **Total Attorneys' Costs Awarded** | **$33,700.20** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$57,943.55** |

**Accordingly, the undersigned awards $57,943.55 in attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Mr. Gary Krochmal.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[5]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

4

Special Master